EXHIBIT 1

Electronically Filed
11/28/2011 04:04:06 PM

CLERK OF THE COURT

1  COMP
   Shawn A. Mangano, Esq.
2  Nevada Bar No. 6730
   SHAWN A. MANGANO, LTD.
3  8367 West Flamingo Road, Suite 100
   Las Vegas, Nevada 89147
4  Telephone: (702) 304-0432
   Facsimile: (702) 922-3851
5  shawn@manganolaw.com

6  *Attorney for Plaintiff Six Minutes, LLC*

7                       **DISTRICT COURT**

8                    **CLARK COUNTY, NEVADA**

9  SIX MINUTES, LCC, a Nevada limited-    ) Case No.: A-11-652319-C
   liability company,                      )
10                                         ) Dept. No.: XXXI
              Plaintiff,                   )
11                                         )
   vs.                                     )
12                                         )
   HARRISON "LANNY" MORTON, an             )
13 individual; DEENA MORTON, an            )       **COMPLAINT**
   individual; MORTON ENTERPRISES,         )
14 LLC, an Arizona limited-liability company; ) **Exempt from Arbitration**
   DOES 1-10; and ROES 1-10,               ) **(Injunctive and Declaratory Relief**
15                                         )           **Requested)**
              Defendants.                  )
16                                         )

   Plaintiff Six Minutes, LLC, a Nevada limited-liability company ("Six Minutes"), by
   and through its counsel, Shawn A. Mangano, Esq., of the law firm SHAWN A. MANGANO,
   LTD., hereby alleges and complains as follows:

1

## THE PARTIES

1. That at all times relevant hereto, Six Minutes, was and is a Nevada limited-liability company organized under the laws of the State of Nevada in good standing with the Nevada Secretary of State.

2. Upon information and belief, Defendant Harrison "Lanny" Morton ("Lanny Morton") is a resident of either the State of Arizona or the State of Hawaii.

3. Upon information and belief, Defendant Deena Morton ("Mrs. Morton") is a resident of either the State of Arizona or the State of Hawaii and is the wife of Defendant Lanny Morton.

4. That at all times relevant hereto, Morton Enterprises, LLC ("Morton Enterprises") is a limited-liability company organized under the laws of the State of Arizona and in which Lanny Morton and Mrs. Morton hold all membership interests and over which they exert all management and operational control.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Roe Corporations I through X, and Does I through X, inclusive, are unknown to Six Minutes at this time, who therefore sues said Defendants by fictitious names and will ask leave of the Court to amend this Complaint to show the true names and capacities of Defendants when the same are ascertained; same Defendants are sued as principals and/or agents, servants, attorneys, and employees of said principals, and all the acts performed by them were within the course and scope of their authority and employment; Six Minutes is informed and believes and thereupon alleges that each of the said Defendants are legally responsible in some manner for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to Six Minutes as hereinafter alleged.

6. This Court has subject matter jurisdiction pursuant to Article VI of the Nevada Constitution, and personal jurisdiction over the Defendants in accordance with NRS 14.065, on the grounds that such jurisdiction is not inconsistent with the Nevada Constitution or the United States Constitution.

7.     Venue is proper in the Eighth Judicial District Court in accordance with NRS NRS 13.040.

## GENERAL ALLEGATIONS

8.     Six Minutes is in the business of providing personal development training and products of Bob Proctor (the "Products and Services").

9.     Six Minutes derives income from the following revenue streams: (1) membership revenue from the Bob Proctor Six Minutes to Success membership site; (2) revenue from the sale of Bob Proctor educational programs; and (3) revenue from other products and affiliate commissions.

10.     During its course of operations, Six Minutes has amassed an invaluable list of customer contacts (the "Customer List"), which the company considers to be a confidential, proprietary and trade secret protectable asset it cannot operate without.

11.     In connection with its business operations, Six Minutes has established numerous business accounts with which the general public interacts for the purchase of the company's Products and Services. These business accounts include merchant relationships with American Express, and PowerPay to which members of the public can make payment in order to purchase the Products and Services (the "Merchant Accounts").

12.     In addition to the Merchant Accounts, Six Minutes has established relationships and associated accounts with numerous vendors that assist the company in making the Products and Services available to and to facilitate the delivery of same to the general public (the "Vendor Accounts"). By way of example, the Vendor Accounts include relationships with such entities as Infused Systems, Infusionsoft, Federal Express, Facebook, GoDaddy.com, and Google.

13.     Six Minutes has further established banking relationships with Arizona Bank & Trust, as well as with PayPal (the "Bank Accounts"), which operate as an additional means for accepting payment from the general public for the Products and Services.

14.     Six Minutes also utilizes ongoing relationships with certain third party entities to offer their products and services to the general public (the "Affiliates") with which

1  accounts have been established for the payment of income derived from such sales efforts
2  (the "Affiliate Income Accounts").

### MANAGEMENT OF SIX MINUTES, LLC

15. All issued and outstanding membership units in Six Minutes are owned by the following: (1) International Education Systems, Inc., a Nevada corporation ("IES"); and (2) Lanny Morton.

16. IES owns a controlling 51% of the issued and outstanding membership units in Six Minutes. As such, IES owns a controlling, majority interest in Six Minutes as defined under the company's Operating Agreement to be a "Majority in Interest."

17. Lanny Morton owns a minority 49% of the issued and outstanding membership units in Six Minutes.

18. IES serves as the Managing Member of Six Minutes. Bob Proctor, IES' President, serves as the Manager of Six Minutes.

19. IES, in its capacity as Managing Member, and Bob Proctor, in his capacity as Manager, have authorized the filing of this Complaint on behalf of Six Minutes.

### LANNY MORTON'S REMOVAL AS MANAGER OF SIX MIUTES FOR CAUSE BASED ON NUMEROUS BREACHES OF FIDUCIARY DUTY, SELF-DEALING AND MISAPPROPRIATION OF CORPORATE FUNDS, ASSETS AND OPPORTUNITIES

20. Prior to November 16, 2011, Bob Proctor and Lanny Morton served as Managers of Six Minutes.

21. In or about approximately early November, 2011, Bob Proctor and/or IES became aware that Lanny Morton had misappropriated Six Minutes' corporate funds through improper payments made for his personal expenses and for the expenses of his business, Morton Enterprises. Investigative efforts to date have identified over $160,497 in payments improperly made by Six Minutes for Lanny Morton's personal expenses or to his business, Morton Enterprises.

1    22.    Upon information and belief, Six Minutes improperly paid in excess of
2 $76,000 for Lanny Morton's personal expenses or to his business during the 2009 and 2008
3 calendar years.
4    23.    In or about approximately early November, 2011, IES and/or Bob Proctor
5 additionally learned that Lanny Morton had attempted to unilaterally cause the Six Minutes
6 Operating Agreement to be amended in order to add Mrs. Morton as a member of the
7 company.
8    24.    Upon information and belief, Lanny Morton further utilized the time and
9 efforts of Six Minutes employees for the exclusive benefit of Morton Enterprises and/or Mrs.
10 Morton's competing business endeavors.
11   25.    Upon information and belief, Lanny Morton caused Six Minutes to hire Mrs.
12 Morton and remit payment to her for services in the amount of $22,000 despite being
13 expressly instructed not to take such action by IES and/or Bob Proctor due to certain conflict
14 of interest concerns given her involvement in a competing business endeavor.
15   26.    Upon information and belief, Lanny Morton had unilaterally and without
16 authorization taken at least the following steps to hide the affairs of Six Minutes from IES
17 and/or Bob Proctor: (1) relocating the company's offices; (2) requiring that all financial
18 reporting not be provided to IES and/or Bob Proctor without his express authorization; and
19 (3) failing to obtain IES and/or Bob Proctor's approval for all payments made by the
20 company.
21   27.    On November 7, 2011, based on at least the foregoing misdeeds of Lanny
22 Morton, IES, representing the Majority in Interest of the members of Six Minutes, noticed a
23 Meeting of Members pursuant to Article 5 of the Operating Agreement, which was to be held
24 on Monday, November 14, 2011 (the "Member Meeting").
25   28.    On Monday, November 14, 2011, the Member Meeting commenced with the
26 required quorum under Article 5.2 of the Operating Agreement based on IES' in person
27 attendance, which represented a Majority in Interest, and Lanny Morton's attendance via
28 Skype from Hawaii. Business was conducted. Bob Proctor, on behalf of IES, discussed in

1   detail the wrongdoing he believed Lanny Morton had engaged in and stated that he was
2   stepping in on behalf of IES to exert its position as Majority in Interest to take over the
3   company's affairs. The parties then agreed to continue the meeting until the following
4   morning, November 15, 2011, to further discuss IES taking over Six Minutes' business
5   operations based on certain organizational changes that were to take place based on its
6   Majority in Interest membership stake in the company. Lanny Morton requested that the
7   meeting reconvene at 10:30 a.m. (Arizona time) to accommodate his schedule. IES agreed
8   and the Member Meeting was then continued to November 15, 2011, at 10:30 a.m. (the
9   "Continued Member Meeting").

10       29.   The Continued Member Meeting was to commence on November 15, 2011, at
11  10:30 a.m. at Lanny Morton's request. Prior to the scheduled start time, Lanny Morton
12  advised that he could not participate. Lanny Morton requested that the Continued Member
13  Meeting take place later that afternoon or on Wednesday, November 16, 2011. Once again,
14  IES accommodated Lanny Morton's request to hold the Continued Member Meeting at a
15  time so that he could participate.

16       30.   On Wednesday, November 16, 2011, per Lanny Morton's request, the
17  Continued Member Meeting was held. Prior to the start of the Continued Member Meeting,
18  Lanny Morton advised Bob Proctor that he would not be attending. IES commenced the
19  Continued Member Meeting given the presence of a requisite quorum for doing so based on
20  its Majority in Interest status.

21       31.   During the Continued Member Meeting, IES set forth additional wrongful acts
22  of Lanny Morton that were discovered since the November 14, 2011 Member Meeting. In
23  sum, at least the above-described actions by Lanny Morton constituted cause for his removal
24  as Manager of Six Minutes.

25       32.   IES thereafter removed Lanny Morton as Manager of Six Minutes under
26  Article 6.5(a) of the Operating Agreement based on its Majority in Interest status in the
27  company.
28

33. IES thereafter established that Six Minutes would be managed by a single Manager, rather than by multiple Managers, based on the authority granted to it under Article 6.4(b) given Lanny Morton's removal as Manager and based on it constituting a Majority in Interest in the company.

34. IES, as a Majority in Interest, and Bob Proctor, as Manager, thereafter approved the change of management of Six Minutes from exclusively that of being manager managed to being managed by a sole Member and a Manager based on the authority granted under Article 6.2(b)(x) of the Operating Agreement.

35. IES was then elected as the Managing Member for Six Minutes. Bob Proctor was confirmed to continue to act in his capacity as Manager of Six Minutes. The Managing Member and Manager then elected Bob Proctor and Sandra Gallagher, an officer and director of IES, as officers of Six Minutes.

36. A company resolution was ratified and signed that amended the Operating Agreement to reflect the organizational changes taken at the Continued Member Meeting.

37. On November 16, 2011, Six Minutes formally effectuated the foregoing organizational management changes with the Nevada Secretary of State's office.

### LANNY MORTON'S CONTINUED HARMFUL AND ACTIONABLE CONDUCT FOLLOWING HIS OUSTER AS MANAGER OF SIX MINUTES

38. With knowledge of his impending ouster as Manager of Six Minutes and continuing after formally being ousted as Manager, Lanny Morton took and continues to take steps to exert control over the company and to place its operations in imminent jeopardy of being irreparably harmed.

39. On or about November 15, 2011, Lanny Morton unilaterally and without authorization caused Six Minutes to become qualified to do business as a foreign limited-liability company in the State of Hawaii, where he and Mrs. Morton have apparently taken up residence.

40. On or about November 23, 2011, Lanny Morton attempted to terminate at least one Six Minutes employee, Debbie Raymond, under the auspices that he had assumed control over the company's affairs.

41. On or about November 23, 2011, Lanny Morton began contacting Affiliates and misrepresenting to them that Six Minutes' Affiliate Accounts had been compromised and has directed them to utilize his personal e-mail account as the administrative proxy so that he has sole and exclusive control over the Affiliate Accounts and the revenue derived from same. It is also believed that Mrs. Morton's private e-mail account has been used in furtherance of the scheme to gain control over the Affiliate Accounts.

42. In or about mid-November, 2011, Lanny Morton misappropriated the Customer List for his use, the use of Morton Enterprises and/or for Mrs. Morton's use in competition with Six Minutes.

43. On or about November 23, 2011, Lanny Morton has caused Six Minutes' PayPal account to be redirected to means whereby he or Mrs. Morton exercise sole and exclusive control over it and any monies paid into the account.

44. Upon information and belief, Lanny Morton has caused Six Minutes to become qualified as a foreign limited-liability company to do business in the State of Hawaii so that he can establish bank and other institutional accounts within the jurisdiction as part of a scheme to divert company funds for his use and/or for use by Morton Enterprises and/or Mrs. Morton.

45. Lanny Morton and Morton Enterprises and/or Mrs. Morton are alleged to have entered into an agreement to conspire to cause the harm alleged herein to Six Minutes.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Concealment as to Lanny Morton)**

46. All preceding paragraphs are incorporated as though fully set forth herein.

47. In accordance with NRCP 9, the foregoing allegations, which are incorporated herein, have been plead with particularity.