SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Plaintiff Six Minutes, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SIX MINUTES, LLC, a Nevada limited-liability company;<br><br>　　　　Plaintiff,<br><br>v.<br><br>HARRISON "LANNY" MORTON, an individual; DEENA MORTON, an individual; and MORTON ENTERPRISES, LLC, an Arizona limited-liability company,<br><br>　　　　Defendants. | Case No.: 2:11-cv-01996-JCM-GWF<br><br>**PLAINTIFF SIX MINUTES, LLC'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>***ON SHORTENED TIME PURSUANT TO LR 6-1*** |

　　　　Plaintiff Six Minutes, LLC ("Six Minutes") hereby moves to remand this action to the Eighth Judicial District Court on the grounds that Defendants Harrison "Lanny" Morton ("Lanny Morton"), Deena Morton ("Mrs. Morton") and Morton Enterprises, LLC ("Morton Enterprises" and collectively referred to herein with Lanny Morton and Mrs. Morton as the "Defendants") have improperly asserted the existence of federal subject matter jurisdiction based on diversity of citizen under 28 U.S.C. § 1332(a). Six Minutes further requests an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) beause removal of this action was objectively unreasonable.

1

Six Minutes has requested remand of this action on shortened time pursuant to LR 6-1 because this action was improperly removed the afternoon before the company's motion for a temporary restraining order was to be heard in Department 31 of the Eighth Judicial Distrct Court.  Defendants' improperly removed this action as a procedural ploy to frustrate Six Minutes' ability to obtain immediate injunctive relief. Given that this Court lacks subject matter jurisdiction over this case, it lacks authority to grant Six Minutes' request for a temporary restraining order.  Rather, this relief can only be provided by the Eighth Judicial District Court upon remand.  Accordingly, Six Minutes asks for this Court to act as soon as possible, and on shortened time, so the company may proceed with having its motion for temporary restraining order heard by the Eighth Judicial District Court.

Six Minutes' Motion to Remand and Request for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (the "Motion") is based on the below memorandum of points and authorities, the Declaration of Sandra Gallagher in support of Six Minutes' temporary restraining order application (the "TRO Application") included with the Defendants' Petition for Removal, the Declaration of Shawn A. Mangano, Esq. in support fo the TRO Application (the "Mangano Decl."), the Compalint, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which the Court takes notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Six Minutes moves to remand this action on shortened time based on the Defendants' improper removal on diversity of citizenship grounds. Six Minutes additionally requests an award of attorney's fees and costs under because the removal of this action was objectively unreasonable.

The absence of diversity jurisdiction over this action is patently obvious. Controlling authority from the Ninth Circuit holds that the citizenship of a limited liability company for determining diversity jurisdiction is based on the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Six Minutes is a

Nevada limited-liability company composed of two members: (1) International Education Systems, Inc., a Nevada corporation ("IES"); and (2) Lanny Morton. (Comp. ¶ 15; Gallagher Decl. ¶ 10, Ex. 3.)  Lanny Morton, who asserts in the Defendants' Petition for Removal that he is a citizen of the State of Arizona, is also a defendant in this action. Thus, complete diversity does not exist as required under 28 U.S.C. § 1332(a) because Six Minutes is, at least in part, deemed to be a citizen of the State of Arizona based on Lanny Morton's membership in the company and Lanny Morton is a named defendant. In short, Lanny Morton's Arizona citizenship appears on both sides of the diversity of citizenship analysis – as a member of Six Minutes and as a named defendant. Accordingly, this action was improperly removed and remand to the Eighth Judicial District Court is required.

The circumstances surrounding the removal of this action strike of procedural gamesmanship by the Defendants. The Defendants have evaded service of the Complaint in this action – speeding off in their vehicle when approached by a process server at an Arizona residence where Lanny Morton and Mrs. Morton were staying. (Mangano Decl. ¶ 7.) When the process server the next morning to the residence, Lanny Morton and Mrs. Morton's vehicle was parked outside the residence, but no one responded to the process server's attempts to gain entry through an intercom system at the home. (*Id.*)

Shortly after filing the Complaint, Six Minutes sought a temporary restraining order against the Defendants based on their continued interference with the company's operations and misappropriation of company property. On or about December 8, 2011, Lanny Morton and Mrs. Morton were sent electronic copies of Six Minutes' TRO Application together with all supporting documentation to their respective gmail e-mail accounts. (*Id.* ¶ 5.) On December 13, 2011, Lanny Morton and Mrs. Morton were also sent notice to their respective gmail e-mail accounts that Six Minutes' TRO Application had been set for hearing on Friday, December 16th at 9:00 a.m. by Department 31 of the Eighth Judicial District Court scheduled for Six Minutes' TRO Application. The Defendants responded on the afternoon of December 15th by improperly removing the action to this Court, thereby causing the hearing on Six Minutes' TRO Application to be vacated.  This procedural ploy was clearly done to frustrate Six Mintues' attempt to secure

immediate injunctive relief and delay its ability to renew its TRO Application until an order remanding this action can be obtained. It is because of these circumstances that Six Minutes respectfully requests the Court remand this action as soon as possible.

## II.    ARGUMENT

### A.    Remand is Compelled Because This Case Was Improperly Removed on Diversity of Citizenship Grounds.

The Defendants improperly removed this action based on diversity of citizenship grounds.  Simply put, complete diversity does not exist between the parties as required by 28 U.S.C. § 1332(a). Accordingly, the Court must remand this case to the Eighth Judicial District Court.

The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute. *California v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004); *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1970).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" between the parties, which means that no plaintiff may be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978).  The citizenship of a limited liability company for determining diversity jurisdiction is based on the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).[1]

Application of the above authority unequivocally demonstrates the Defedants improperly removed this action on diversity of citizenship grounds without "compelte diversity" existing between the parties. This conclusion is readily apparent on the face of Six Minutes' Complaint.

---

[1]  The Ninth Circuit recently expounded its holding in *Johnson* to further articulate the specificity required to establish the citizenship of partnerships and limited liability companies. *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* No. 09-35643, 2011 WL 398861, at *2 (9th Cir. Feb. 8, 2011).

4

(Compl. ¶ 15, which identifies the members of Six Minutes.)  As compelled by the Ninth Circuit's decision in *Johnson*, the citizenship of Six Minutes for purposes of diversity jurisdiction is determined by looking to the citizenship of its members. *See Johnson,* 437 F.3d at 899. Lanny Morton, who claims in the Petition for Removal to be a citizen of the State of Arizona, is a member of Six Minutes. (Comp. ¶ 15; Gallagher Decl. ¶ 10, Ex. 3.) Consequently, Six Minutes' is deemed to be, at least, a citizen of the State of Arizona for diversity jurisdiction purposes based on Lanny Morton's membership interest in the company. Lanny Morton is also a named defendant in this action. Thus, the Plaintiff and at least one Defendant are deemed to be citizens of the State of Arizona for diversity jurisdiction purposes. Given the presence of Arizona citizens appearing both as the Plaintiff and a Defendant, the requirement of "complete diversity" under 28 U.S.C. § 1332(a) does not exist. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. at 373. Accordingly, removal based on diversity of citizenship grounds was improper and remand to state court is compelled.

      **B.**    **Six Minutes Should be Awarded Attorney's Fees And Costs Under 28 U.S.C. § 1447(c) Based on The Defendants Objectively Unreasonable Grounds For Removal.**

The Defendants removed this action with complete disregard for established Ninth Circuit authority that expressly requires the citizenship of a limited liability company's members to be determined for diversity of citizenship purposes. *See Johnson,* 437 F.3d at 899. This establishes the objective unreasonableness of the Defendants' removal, which justifies awarding Six Minutes' attorney's fees and costs incurred under 28 U.S.C. § 1447(c).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). However, the Court may award attorney's fees in the absence of the defendant's bad faith. *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Objective unreasonableness exists when "the relevant case law clearly foreclosed the defendant's

basis for removal." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1066 (9th Cir. 2008); *accord Martin,* 546 U.S. at 141; *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000).

Here, the Defendants improperly removed this case on diversity of citizenship grounds by claiming the Plaintiff is a citizen of the State of Nevada and the Defendants are citizens of the State of Arizona. In making this assertion, the Defendants failed to apply the proper diversity of citizenship inquiry required by controlling, esablished Ninth Circuit authority. *See Johnson,* 437 F.3d at 899. As such, the Defendants' basis for removal was "clearly foreclosed" by relevant case law. *See Lussier,* 518 F.3d at 1066. This demonstrates the Defendants were objectively unreasonable in removing this action on diversity of citizenship grounds. *See id.*

Moreover, while a finding of bad faith is not requied for an award of attorney's fees and costs under 28 U.S.C. § 1447(c), the circumstances surrounding the Defendants' removal suggests bad faith. The Defendants improperly removed this action the afternoon before a hearing was to be held by Department 31 of the Eighth Judicial District Court on Six Minutes' TRO Application. Thus, by improperly removing this case the Defendants procedurally benefited by delaying Six Minutes' ability to obtain immediate injunctive relief necessary for the company to continue business operations. Six Minutes must now wait for the Court to remand this action in order to renew its TRO Application, thereby providing the Defendants with additional time to misappropriate company assets and interfere with the company's ability to conduct business. In fact, at least one member of this Court has indicated that a defendant's improper removal shortly before a state court order to show cause hearing supported a finding of bad faith in awarding attorney's fees and costs under 28 U.S.C. § 1447(c). *See Schnorr v. Kouris,* Case No.: 2:10-cv-01047-GMN-LRL (Dec. 22, 2010) (Navarro, J.).

In sum, Six Minutes is entitled to an award of attorney's fees and costs under 28 U.S.C. § 1447(c) upon remand of this action to the Eighth Judicial District Court. Such an award is supported by the objective unreasonableness in the Defendants removing this action on diversity of citizenship grounds when application of controlling Ninth Circuit precedent clearly reveals federal subject matter jurisdiction is precluded on these grounds.

### III. CONCLUSION

For the foregoing reasons, Six Minutes respectfully requests the Court promptly remand this action to the Eighth Judicial District Court so that it can renew its TRO Application. Six Minutes additionally requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c) based on the Defendants' objectively reasonable and improper removal of this action.

Dated this 16th day of December, 2011.

>                         SHAWN A. MANGANO, LTD.
>
>                         By: /s/ Shawn A. Mangano
>                         SHAWN A. MANGANO, ESQ.
>                         Nevada Bar No. 6730
>                         shawn@manganolaw.com
>                         8367 West Flamingo Road, Suite 100
>                         Las Vegas, Nevada 89147
>                         Tel: (702) 304-0432
>                         Fax: (702) 922-3851
>
>                         *Attorney for Plaintiff Six Minutes, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 16th day of December, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730