**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SIX MINUTES, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>HARRISON "LANNY" MORTON, et al.,<br><br>             Defendants. | 2:11-CV-1996 JCM (GWF) |

### ORDER

Presently before the court is plaintiff Six Minutes LLC's motion to remand. (Doc. #4). Defendants Harrison Morton, et. al. filed an opposition. (Doc. #8). The parties have filed their briefs on a shortened briefing schedule pursuant to the court's December 16, 2011, order. (Doc. #7).

In the instant motion to remand, plaintiff argues that this court lacks subject matter jurisdiction because defendants have improperly asserted diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. #4). Specifically, plaintiff argues that defendant Mr. Morton possesses an ownership interest in plaintiff Six Minutes LLC. (Doc. #4). Six Minutes argues that defendant Mr. Morton's Arizona citizenship is imputed to plaintiff Six Minutes in the § 1332 diversity analysis. Therefore, complete diversity does not exist, and this court does not have subject matter jurisdiction over the instant lawsuit. (Doc. #4).

In response, defendants argue that, instead of focusing "on a mere mechanical application of a rule," the court should look to the intent and purpose of diversity jurisdiction. (Doc. #8). Thus,

1   the court should recognize that Mr. Morton, in practice, is not simultaneously suing (as an owner of
2   Six Minutes) and being sued (as a defendant in this lawsuit).  Accordingly, Mr. Morton's citizenship
3   should not be imputed to Six Minutes, and diversity jurisdiction is properly asserted in this case.
4   (Doc. #8).

5         Diversity jurisdiction, 28 U.S.C. § 1332, requires both complete diversity and an amount in
6   controversy exceeding $75,000.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005); *Matheson*
7   *v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Pursuant to Ninth Circuit
8   law, the citizenship of a limited liability company for diversity jurisdiction purposes is determined
9   by the citizenship of its members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894,
10  899 (9th Cir. 2006).

11        The holding in *Johnson* requires this court to look to the citizenship of the limited liability
12  company's owners/members for the § 1332 diversity analysis.  *See id*.  Mr. Morton is an owner of
13  the plaintiff limited liability company, and his Arizona citizenship is imputed to Six Minutes
14  pursuant to controlling Ninth Circuit case law.  *See id.*  Complete diversity of citizenship does not
15  exist in this case, and this court lacks subject matter jurisdiction.

16        Accordingly,

17        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Six Minutes
18  LLC's motion to remand (doc. #4) be, and the same hereby is, GRANTED.

19        DATED December 23, 2011.

                                                      /s/ James C. Mahan
                                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**