SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Plaintiff Six Minutes, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SIX MINUTES, LLC, a Nevada limited-liability company;<br><br>             Plaintiff,<br><br>v.<br><br>HARRISON "LANNY" MORTON, an individual; DEENA MORTON, an individual; and MORTON ENTERPRISES, LLC, an Arizona limited-liability company,<br><br>             Defendants. | Case No.: 2:11-cv-01996-JCM-GWF<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF SIX MINUTES, LLC'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>***ON SHORTENED TIME PURSUANT TO LR 6-1*** |

## I.      INTRODUCTION

Plaintiff Six Minutes, LLC ("Six Minutes") has moved to remand this action to the

Eighth Judicial District Court on the grounds that Defendants Harrison "Lanny" Morton ("Lanny

Morton"), Deena Morton ("Mrs. Morton") and Morton Enterprises, LLC ("Morton Enterprises"

and collectively referred to herein with Lanny Morton and Mrs. Morton as the "Defendants")

have improperly asserted the existence of federal subject matter jurisdiction based on diversity of

citizen under 28 U.S.C. § 1332(a). In moving to remand, Six Minutes has further requested an

award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) beause the Defendants'

removal of this action was objectively unreasonable or, alternatively, done in bad faith.

1    In support of its request for remand, Six Minutes has cited controlling Ninth Circuit

2    authority that, when applied to the facts before the Court, demonstrates the absence of diversity

3    jurisdiction. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.

4    2006). As required by this decision, the Court must look to the citizenship of Six Minutes'

5    members in performing its diversity jurisdiction analysis. *See id.* When this analysis is

6    performed, it is beyond doubt that Lanny Morton's presence in this action as both a member of

7    Six Minutes and a named Defendant precludes the presence of complete diversity between the

8    parties, which is a mandatory requirement to vest this Court with jurisdiction under 28 U.S.C. §

9    1332(a). *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978).

10    Defendants' response seeks to avoid the result compelled by *Johnson* by asserting the

11    decision does not apply to the facts before the Court. (Doc. # 8 at 5.) In doing so, the Defendants

12    caution that applying the diversity of citizenship analysis for a limited liability company as set by

13    the Ninth Circuit would be focusing "on form at the expense of substance."[1] (*Id.* at 5:11.) In

14    support of this untenable proposition, the Defendants' response meanders through a selection of

15    decisions whereby courts realigned parties based on their respective interests in litigation. (*Id.* at

16    6-9.) As explained herein, these cases are completely inapplicable because Lanny Morton has

17    been sued for fraudulent conduct committed while he served as manager of Six Minutes, which

18    is separate and distinct from his membership interest in the company. Stated differently, Lanny

19    Morton has been sued for committing fraud in his executive capacity – not in his capacity as

20    owner – of Six Minutes. There is simply no basis to realign the parties interests under these

21    circumstances. Rather, the Court must apply the Ninth Circuit's diversity of citizenship analysis

22    set forth in *Johnson*.

23    In view of the Defendants' questionable legal analysis, the Court is reminded of the

24    suspect circumstances under which this action was removed.  Six Minutes asserted in its initial

25    filing with this Court that the Defendants improperly removed this action to obtain the

26

27    [1]  The Court has recently dismissed an action for lack of subject matter jurisdiction after
applying the Ninth Circuit's diversity of citizenship analysis in *Johnson* to a limited liability

28    company. *See RES-NV TVL, LLC v. Towne Vistas, LLC, et al.,* No. 2:10-CV-1084-JCM (PAL)
(D. Nev. Oct. 27, 2011) (Mahan, J.) (Doc. # 71).

1   procedural benefit of having the state court's scheduled hearing on the company's application for

2   a temporary restraining order (the "TRO Application") vacated at the last minute. The events that

3   have transpired since Six Minutes moved to remand this case further demonstrate the Defendants

4   improperly removed this case for procedural gamesmanship purposes and nothing more.

5   Specifically, Six Minutes has learned that *on the same day this action was removed to this*

6   *Court*, the Defendants filed a separate action in Arizona state court involving the same

7   transaction or occurance, and which thus constitutes a compulsory counterclaim, and for which

8   they have obtained an order to show cause why a preliminary injunction should not issue.

9   (Mangano Reply Decl. ¶ 4, Ex. 1.) The Arizona state court, obviously unaware of the Nevada

10  litigation concerning virtually identical subject matter, *has set an order to show cause hearing*

11  *for January 3, 2012.* (*Id.* Ex. 1.) Quite astonishingly, the Defendants' response to Six Minutes'

12  Motion to Remand makes absolutely no mention that they commenced suit in the State of

13  Arizona concurrently with removing this action to federal court. (*Id.* ¶ 4, Ex. 1; Doc. # 8.)

14  The Defendants' filing of the Arizona case together with seeking a preliminary injunction

15  establishes that they improperly removed this action so they could stall the Nevada litigation

16  while they attempted to obtain preemptory relief in the State of Arizona. Moreover, the

17  Defendants' treatment of controlling Ninth Circuit law concerning the required diversity of

18  citizenship analysis for a limited liability company is clearly suspect.  These circumstances,

19  either considered together or in isolation, support Six Minutes' assertion that not only was this

20  action removed on an objectively unreasonable basis, but it was done in bad faith. As a result,

21  Six Minutes is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

22  In addition to supporting Six Minutes' request for an award of attorney's fees and costs

23  under 28 U.S.C. § 1447(c), the Defendants' filing of the Arizona case further supports immediate

24  action by this Court. As stated in Six Minutes' Motion, this case was improperly removed so that

25  the state court's hearing on the company's TRO Application would be vacated. As mentioned

26  above, the Defendants have sought a preliminary injunction in the Arizona case. *The Arizona*

27  *court has set an order to show cause on the Defendants' preliminary injunction request for*

28  *January 3, 2012.* (Mangano Decl. Ex. 1.) Thus, consistent with Six Minutes' earlier statements,

3

this Court must act as soon as possible to remand this case to the Eighth Judicial District Court so the company can renew its TRO Application before the Arizona court acts on the Defendants' preliminary injunction request. Failing to do so could place Six Minutes in a procedural nightmare whereby it properly filed for relief first in the State of Nevada, had immediately sought injunctive relief, but is faced with the task of setting aside a preliminary injunctive from the State of Arizona that was issued in a later filed action while the company was seeking a remand order from this Court. Prompt through issuance of an order remanding the case to state court enables Six Minutes to renew its TRO Application before the Arizona state court holds it order to show cause hearing.[2] This would dramatically, and accurately change the procedural landscape for the order to show cause hearing.

In sum, the Court is presented with circumstances that clearly demonstrate that removal was not only improper in this case, but that it was done to gain a procedural advantage on an objectively unreasonable basis. The circumstances that have come to light since the Defendants improperly removed this case, which includes the contents of their response, actually solidifies Six Minutes' claim of bad faith in doing so. Whether or not the Court ultimately adopts this conclusion, what cannot be changed is that remand is compelled. Six Minutes asks the Court to issue an order remanding this case to the Eighth Judicial District Court as promptly as possible so that it can renew its TRO Application ***before the January 3, 2012 Arizona state court order to show cause hearing.*** (Mangano Decl. Ex. 1.)

II.    **ARGUMENT**

      A.    **Defendants Concede That Diversity of Citizenship Does Not Exist Under The Analysis Required by The Ninth Circuit in *Johnson*.**

Six Minutes has asserted that complete diversity between the parties does not exist as required by 28 U.S.C. § 1332(a) under the Ninth Circuit's decision in *Johnson*. Without complete diversity between the parties, the Court must remand this case to the Eighth Judicial District Court.

---

[2]  Alternatively, if the Court concludes it has subject matter jurisdiction over this action, Six Minutes asks that its TRO Application be immediately set for hearing.

In their response, the Defendants apparently concede that diversity of citizenship does not exist if the decision in *Johnson* is applied. They advance absolutely no arguments demonstrating the existence of diversity jurisdiction under the Ninth Circuit's required analysis under *Johnson*. Rather, the Defendants ask the Court not to apply this controlling decision because doing so would amount to form over substance. (Doc. # 8 at 5:11.) As argued below, there is no basis to depart from the analysis required under *Johnson*. The Defendants apparently concede through their lack of argument, that under this analysis the Court must conclude that subject matter jurisdiction is absent over the removed action and remand is required.

**B.      The Defendants' Assertion That Lanny Morton's Membership Interest in Six Minutes Must be Realigned Under a Diversity of Citizenship Analysis is Unpersuasive.**

Instead of apply the Ninth Circuit's test under *Johnson*, which would prove fatal, the Defendants ask the Court to analyze the parties' litigation interests in view of the asserted claims in order to disregard the clear absence of diversity jurisdiction over this matter. (Doc. # 8 at 6-9.) Defendants' assertion runs afoul of the fundamental tenants governing the Court's removal jurisdiction analysis and completely misconstrues the litigation interests at-issue to support their desired conclusion.

The Court is required to strictly construe the removal statute against removal jurisdiction. *See California v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004); *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). Moreover, the Court must reject jurisdiction if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1970). Despite these required analysis principals, the Defendants ask the Court to disregard the applicable diversity of citizenship inquiry for a limited liability company established by the Ninth Circuit in *Johnson*. Accordingly, the Defendants urge the Court to employ an analysis that is completely contrary to the manner in which it is required to conduct a jurisdictional analysis upon removal and to disregard controlling precedent in the process. The Court should decline to do so.

5

1    The Court should also not be distracted by the Defendants' invitation to realign the

2    parties so that diversity of citizenship is not barred by Lanny Morton's membership interest in

3    Six Minutes. (Doc. # 8 at 6-10.) Defendants cite three cases, *Prudential Real Estate Affiliates,*

4    *Inc. v. PPR Realty, Inc.,* 204 F.3d 867 (9th Cir. 2000) ("*Prudential*"), *Weltman v. Silna,* 879 F.2d

5    425 (8th Cir. 1989) ("*Weltman*") and *Gore v. Stenson,* 616 F. Supp. 895 (S.D. Tex. 1984)

6    ("*Gore*"), in support of their proposition. (Doc. # 8 at 7-8.) The cases cited by the Defendants do

7    not justify realigning Lanny Morton's membership interest in Six Minutes to that of a defending

8    party so that diversity jurisdiction can be exercised over this case.

9    Turning first to *Prudential*, the Ninth Circuit declined to realign parties so that diversity

10   jurisdiction could not be exercised. *Prudential Real Estate Affiliates, Inc.,* 204 F.3d at 873. In so

11   declining, the Ninth Circuit panel recognized that the primary matter in dispute was the right to

12   exercise a first right of refusal to purchase an ownership interest under a franchise agreement. *Id.*

13   In its decision, the Ninth Circuit panel noted that it "must realign a stakeholder that also

14   possesses and pursues its own interests respecting the primary issue in a lawsuit." *Id.* Thus,

15   where a party holds an ownership interest in an entity, a court may realign that party where the

16   party is pursuing its own interest with regard to the subject matter of a lawsuit. This simply is not

17   the case before the Court.

18   Lanny Morton holds a membership interest in Six Minutes as a member of the company.

19   (Comp. ¶ 15; Gallagher Decl. ¶ 10, Ex. 3.) In this regard, Mr. Morton's membersip stake in the

20   company is akin to that of a shareholder owning shares in a corporation. Based on his

21   membership interest, Lanny Morton may derive revenue based on profit distributions authorized

22   by Six Minutes in a similar manner that a shareholder might receive paid profits or dividends

23   based on a corporation's financial performance. Lanny Morton's membership interest in the

24   company, however, is distinct from his role as manager of Six Minutes. (Gallagher Decl. Ex. 3.)

25   Under NRS 86.291, the operating agreement of a limited liability company can vest day-to-day

26   management and operational decisions with one or more managers for an entity. Bob Proctor and

27   Lanny Morton were appointed as two of the initial managers of Six Minutes in the company's

28   operating agreement. (*Id.* Ex. 3 Art. VII, at 7-10.) As a manager, Lanny Morton was vested with

1   operational control over the company's day-to-day operations. (Gallagher Decl. Ex. 3 Art. VII, at

2   7-10.)  It is Lanny Morton's breach of multiple fiduciary obligations as manager of Six Minutes,

3   including the theft of over $160,000 together with his misappropriation of company property and

4   trade secret protected assets, that is the primary interest and subject matter of this lawsuit. This

5   case has nothing to do with Mr. Morton's membership interest in the company.[3]  Rather, this

6   case concerns misdeeds undertaken by him while serving in a role similar to that of a corporate

7   officer. Accordingly, there is no basis to construe the Ninth Circuit's decision in *Prudential* as

8   justifying the realignment of Lanny Morton's membership interest in Six Minutes for purposes

9   of a diversity of citizenship jurisdictional analysis. Rather, the Ninth Circuit's diversity of

10  citizenship analysis for a limited liability company set forth in *Johnson* must be applied. When

11  this is done, the Court is compelled to remand this action for lack of subject matter jurisdiction.

12          Likewise, the Defendants' citation to *Weltman* and *Gore* also do not justify the Court

13  realigning Lanny Morton's membership interest in Six Minutes when conducting its diversity of

14  citizenship analysis. In *Weltman*, an alleged limited partner sued two other limited partners, the

15  general partner and the limited partnership for not receiving "his limited partner's share of the

16  proceeds" from a $1,350,000 settlement. *Weltman,* 879 F.2d at 426. On appeal, the circuit court

17  agreed that Mr. Weltman's limited partnership interest should not defeat diversity jurisdiction

18  given that he was seeking money not paid to him that he alleged was owed based on his limited

19  partnership interest. *Id.* Moreover, Mr. Weltman was suing to validate his standing as a limited

20  partner in the limited partnership. *Id.* Thus, the decision in *Weltman* disregarded a limited

21  partnership interest for diversity of citizenship purposes where the subject matter of the lawsuit

22  involved not only recognition of the plaintiff's ownership interest, but also the plaintiff's right to

23  receive a partnership distribution of proceeds based on the alleged ownership interest. *Id.* As

24

---

25  [3]  In fact, in a stroke of irony, Lanny Morton could actually receive a benefit (or discount) should
     Six Minutes prevail in disgorging money stolen by him while serving as its manager.
26  Hypothetically, if Six Minutes were to recover $160,000 from Mr. Morton, and assuming funds
     were designated for distribution to the members, he could receive $85,530 based on his
27  presumed 49% membership interest

28

7

1  discussed above, this case has nothing to do with Lanny Morton's membership interest in Six

2  Minutes. Rather, this case seek redress for actionable conduct taken by Mr. Morton, and other

3  Defendants, while serving as manager of the company. Accordingly, the decision in *Weltman* is

4  inapplicable to this case and the Ninth Circuit's decision in *Johnson* must be applied.

5        The Defendants' citation to *Gore* leads to a similar conclusion. In *Gore*, the plaintiff sued

6  the limited partnership in which she held an interest along with the general partner for damages

7  resulting from breach of the limited partnership agreement. *Gore,* 616 F. Supp. at 896. In its

8  diversity jurisdiction analysis, the district court determined the plaintiff could not sue the limited

9  partnership directly and disregarded the entity as a named defendant. *Id.* Instead, the district

10  court reasoned that the action was solely brought against the general partner. *Id.* Since the

11  limited partner plaintiff and the general partner defendant were citizens of different states,

12  diversity jurisdiction was found to exist. *Id.* at 900. Once again, the decision in *Gore* involved an

13  action brought by an owner of an entity for damages sustained by them, which would in all

14  likelihood involve a loss of profits or partnership distribution proceeds. The circumstances

15  presented in this action involve a company taking action to stop interference with its operations

16  by its former manager, Lanny Morton, and to recovery misappropriated tangible and intangible

17  assets. This is in no way similar to the facts presented in the *Gore* decision.

18        Should the Court have any doubt as to the sincerity and viability of the Defendants'

19  realignment arguments, it need look no further than the recently filed Arizona case. The

20  Defendants filed this action against several defendants that are not parties to this case, but all of

21  whom are not citizens of the State of Arizona. Given these circumstances, the Defendants could

22  have filed the Arizona action in federal court on diversity of citizenship grounds by asserting the

23  same realignment of interests argument asserted in opposition to remanding this action. The

24  Defendants, however, elected to seek relief, which likely constitutes a compulsory counterclaim

25  in Six Minutes' case, in Arizona state court. These circumstances certainly seem to demonstrate

26  the Defendants lack conviction in the viability of their realignment of interests argument.

27        In sum, the Ninth Circuit's diversity of citizenship analysis for a limited liability

28  company set forth in *Johnson* demonstrates this Court lacks subject matter jurisdiction over the

1   removed action. The Defendants apparently concede this result as they have failed to advance a

2   single argument as to how the Court can properly exercise diversity jurisdiction under the

3   analysis set forth in *Johnson*. The Defendants attempts to avoid the result compelled by

4   application of the *Johnson* decision to this case throught the realignment Lanny Morton's

5   membership interest in Six Minutes is unpersuasive. Simply put, the cases cited in support of the

6   Defendants' realignment proposition are completely inapplicable to this case because its subject

7   matter concerns a company seeking redress for harm done under the auspices of Lanny Morton's

8   position as manager for the company. Thus, the Court should reject the Defendants' realignment

9   argument and apply the Ninth Circuit's limited liability company diversity jurisdiction analysis

10  set forth in *Johnson*. Diversity jurisdiction cannot exist over this action when this analysis is

11  employed. Accordingly, the Court is compelled to remand this action for lack of subject matter

12  jurisdiction.

13          **C.      Defendants' Remand Response Further Demonstrates Six Minutes'**
14                    **Entitlement to an Award of Attorney's Fees And Costs Under 28 U.S.C. §**
                      **1447(c).**
15

16          The Defendants have apparently construed the Court's Order Shortening Time as not

17  requiring a response to Six Minutes' request for an award of attorney's fees and costs under 28

18  U.S.C. § 1447(c). (Doc. # 8 at 4.) The Court can unquestionably decide whether or not the

19  Defendants have properly interpreted its Order Shortening Time. Six Minutes has interpreted the

20  Order Shortening Time to require a response on its request for attorney's fee and costs. The

21  company maintains the Defendants' remand response further demonstrates that an award of

22  attorney's fees and costs is justified under 28 U.S.C. § 1447(c).

23          As demonstrated above, the Defendants removed this action with absolutely no basis to

24  conclude that diversity of citizenship exists under the Ninth Circuit's test set forth in *Johnson*.

25  Rather, the Defendants have attempted to avoid the required result under the *Johnson* decision by

26  asking the Court to realign Lanny Morton's membership interest in Six Minutes. (Doc. # 8 at 6-

27  10.) However, the case law cited by the Defendants in support of this proposition is clearly

28  inapplicable.

Moreover, as pointed out in Six Minutes' initial filing, the circumstances clearly suggest the Defendants removed this case as an act of procedural gamesmanship. By removing this case on such shaky jurisdictional grounds, the Defendants unquestionably obtained the benefit of having the state court's hearing on Six Minutes' TRO Application taken off calendar. In addition to this procedural benefit, the Defendants concurrently filed suit in Arizona state court and obtained an order to show cause as to why a preliminary injunction should not issue against Six Minutes and the other named defendant in an action that is almost a carbon copy of this case. (Mangano Reply Decl. Ex. 1.) These circumstances clearly supports the conclusion that removal was done to avoid the state court hearing on Six Minutes' TRO Application. Moreover, improperly removing this case also provided the Defendants with the time necessary to file and seek identical relief in Arizona state court. Thus, the events surrounding the Defendants' removal support not only an objectively unreasonable basis for doing so, but they further support a finding that this action was removed in bad faith. *See Schnorr v. Kouris,* Case No.: 2:10-cv-01047-GMN-LRL (Dec. 22, 2010) (Navarro, J.).  Either determination supports granting Six Minutes' request for an award of attorney's fees and costs under under 28 U.S.C. § 1447(c).

**III.    CONCLUSION**

For the foregoing reasons, Six Minutes respectfully requests the Court promptly remand this action to the Eighth Judicial District Court so that it can renew its TRO Application.  Six Minutes additionally requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c) based on the Defendants' objectively reasonable and improper removal of this action.  Should the Court decide it has subject matter jurisdiction over this action, Six Minutes requests its TRO Application be set for hearing as soon as possible.

Dated this 22nd day of December, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Tel: (702) 304-0432

Fax: (702) 922-3851

*Attorney for Plaintiff Six Minutes, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 22nd day of December, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730

11