# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SIX MINUTES, LLC,

   Plaintiff,

v.

HARRISON "LANNY" MORTON, et al.,

   Defendants.

2:11-CV-1996 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Six Minutes, LLC's motion for attorney's fees. (Doc. #5). Plaintiff filed this motion contemporaneously with its motion to remand. (Doc. #4). The court heard the motion to remand on a shortened schedule, and plaintiff filed its reply briefs to the motion for attorney's fees and remand in one document. (Doc. #10). The motion for attorney's fees was not heard on a shortened schedule, and defendants Morton, et. al. filed their response to the motion for attorney's fees after plaintiff had filed its reply and the court had issued its order remanding the case. (Doc. #11).

Plaintiff argues that it is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447©. (Doc. #5). Plaintiff asserts that it was objectively unreasonable for defendants to remove this case to federal court "when application of controlling Ninth Circuit precedent clearly reveals federal subject matter jurisdiction is precluded on these grounds." (Doc. #5). In response, defendants assert that removal was objectively reasonable because there is no ruling in the Ninth Circuit addressing

**James C. Mahan**
**U.S. District Judge**

the facts of the instant case: "where a non-resident defendant is seeking the neutral forum of a federal district court in the state in which he is sued but he is also a member of the limited liability company which is suing him." (Doc. #11).

Title 28 U.S.C. § 1447© states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Removal is unreasonable when "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

The court's December 23, 2011, order remanding the case found that the "holding in *Johnson* [*v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)] requires this court to look to the citizenship of the limited liability company's owners/members for the [28] § 1332 diversity analysis." (Doc. #9). Defendants argue that while this court "was perfectly within its rights to apply *Johnson* without distinguishing between it and the facts of this case," the relevant case law did not clearly foreclose defendants' assertion of diversity jurisdiction. (Doc. #11). Instead, courts in other circuits have held that diversity jurisdiction was not destroyed under similar fact patterns. (Doc. #11, citing *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989)).

The court was not, and still is not, convinced that the persuasive authority cited by defendants permitted diversity jurisdiction under these facts. (Doc. #9). Nevertheless, this court does not find that the arguments presented by defendants seeking an extension or modification of the law based on persuasive authority were objectively unreasonable.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Six Minutes, LLC's motion for attorney's fees (doc. #5) be, and the same hereby is, DENIED.

DATED January 30, 2012.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -